Filed 11/15/23  Marriage of Wilson CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of STEPHANIE and DUANE WILSON. | |
| STEPHANIE WILSON, Appellant, v. DUANE WILSON, Respondent. | G061770 (Super. Ct. No. 12D005671) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, David J. Hesseltine, Judge.  Affirmed.

Law Office of Mark Mazda and Mark Mazda for Plaintiff and Appellant.

Duane H. Wilson, in pro. per., for Defendant and Respondent.

The trial court ordered Stephanie Wilson to pay Duane Wilson, her former husband, interest on funds that she had wrongly levied from his savings account and that were released to him only years later.[1] Stephanie challenges the interest award, arguing that under Code of Civil Procedure section 386 (the interpleader statute), no interest accrued because she had deposited the funds with the court after she levied them.[2] She also claims no statute permitted the award. We conclude that the interpleader statute did not apply to Stephanie, who did not seek the court's protection from competing claims, as the statute requires, but instead sought the funds to herself. We further conclude Stephanie forfeited her claim that no statute authorized the award. We therefore affirm.

FACTS

In 2015, Stephanie and Duane signed stipulations and orders for judgment in their marriage dissolution proceeding. Among other things, their stipulation and the ensuing judgment required Duane to transfer $250,000 from a savings account and roll over $250,000 from his retirement account to Stephanie.

In 2017, after Duane made the savings account transfer but failed to make the rollover from his retirement account, Stephanie hired an attorney to enforce the judgment.[3] The attorney obtained a writ of execution and levied about $224,000 from Duane's savings account, rather than his retirement account, pointing to the portion of the judgment ordering the savings account transfer. Stephanie asked the attorney to disburse the levied funds to her, but the attorney refused, stating that Duane disputed the levy. The attorney deposited the levied funds with the trial court and filed a motion to

---

[1]     We refer to the parties by their first names because they share a last name.

[2]     Undesignated statutory references are to the Code of Civil Procedure.

[3]     Duane contended he and Stephanie had agreed he would make the rollover only after she repaid certain funds she owed him.

2

interplead them on Stephanie's behalf under the interpleader statute.[4] The motion asked the court to release the funds to Stephanie. The attorney later substituted out of the case, and at Stephanie's request, the interpleader motion was taken off calendar. Duane unsuccessfully sought the release of the funds to him.

The parties continued to litigate postjudgment matters. In March 2021, Duane made the $250,000 rollover from the retirement account after the trial court ordered him to do so. Stephanie, however, claimed she was also entitled to interest on that amount. The court initially concluded that the rollover portion of the judgment was not a money judgment and thus that interest had not accrued. Stephanie appealed, and this court reversed, concluding the rollover obligation was a money judgment that accrued interest, and remanded for further proceedings. At the same time, this court declined Stephanie's request to order the trial court to retain the levied funds, noting it appeared those funds were levied in error from the wrong account.

On remand, the parties litigated factual issues relating to Stephanie's entitlement to interest on the retirement funds. Duane also renewed his request that the trial court release the levied funds to him. He added a request for interest on that amount. Stephanie argued that under section 386, subdivision (c), no interest had accrued because her prior attorney had interpleaded the funds.[5] She again asked the court to disburse the funds to her, in satisfaction of her various claims against Duane.

In 2022, following a trial on the pending postjudgment matters, the trial court concluded Stephanie was entitled to interest on the retirement funds and ordered

---

[4] As discussed below, section 386, subdivision (b), permits a person subject to conflicting claims for money to bring an interpleader action to compel the claimants to litigate their claims among themselves. (*City of Morgan Hill v. Brown* (1999) 71 Cal.App.4th 1114, 1122 (*Morgan Hill*).)

[5] As discussed below, under section 386, subdivision (c), when a person interpleads funds, admitting them "to be payable," any interest on the deposited amount ceases to accrue.

3

Duane to pay her over $152,000 in interest. As for the levied funds, the court ordered them released to Duane and further ordered Stephanie to pay him about $110,000 in interest. It concluded the interpleader statute did not apply because, among other things, she was not a stakeholder facing competing claims to the funds but simply one of two parties asserting a claim to the funds. Stephanie appealed.

DISCUSSION

Stephanie challenges the trial court's award of interest on the levied funds. She contends, as she did below, that the interpleader statute stopped the accrual of any interest on the funds after her prior attorney deposited the funds with the court. We disagree.

"When a person may be subject to conflicting claims for money or property, the person may bring an interpleader action to compel the claimants to litigate their claims among themselves. (§ 386, subd. (b).) Once the person admits liability and deposits the money with the court, he or she is discharged from liability and freed from the obligation of participating in the litigation between the claimants. [Citations.] The purpose of interpleader is to prevent a multiplicity of suits and double vexation. [Citation.]" (*Morgan Hill*, *supra*, 71 Cal.App.4th at p. 1122, fn. omitted.) Under the interpleader statute, "[a]ny amount which a plaintiff . . . admits to be payable may be deposited by him with the clerk of the court at the time of the filing of the complaint or cross-complaint in interpleader" and "[a]ny interest on amounts deposited . . . shall cease to accrue after the date of such deposit or delivery." (§ 386, subd. (c).)

The interpleader scheme had no application to Stephanie, who was not subject to conflicting claims and did not disclaim entitlement to the deposited funds. (§ 386, subds. (b) & (c); *Morgan Hill*, *supra*, 71 Cal.App.4th at p. 1122.) Stephanie asserts: "[T]he interpleader statute does not have an exception for its rule that interest 'cease[s] to accrue after the date of such deposit' if the party depositing the money with the court also claims an interest in the money that needs to be determined via further

4

court proceedings.  [Citation.]  In fact, [section] 386[, subdivision (c),] is completely silent on that issue.  [Citation.]"  She is mistaken.  As noted, to seek the protection of section 386, subdivision (c), a person must "admit[] [the deposited amount] to be payable."  A depositor's request that the court distribute the funds to her—a request Stephanie made—is inconsistent with this requirement.  Moreover, this provision refers to a plaintiff "in interpleader" (§ 386, subd. (c)), which assumes the depositor faces conflicting claims (§ 386, subd. (b); *Morgan Hill*, *supra*, 71 Cal.App.4th at p. 1122).

Stephanie argues Duane forfeited any objection to the application of section 386 by failing to object to the interpleader procedure below.  In support, she cites *Farmers New World Life Ins. Co. v. Rees* (2013) 219 Cal.App.4th 307, 317, under which "'if the defendants in interpleader have fully litigated their claims without objection, they will be deemed to have consented to the remedy invoked *and granted* . . . .' [Citation.]" (Italics added.)  Stephanie's contention is misguided, as her interpleader motion was taken off calendar at her request and never litigated below, let alone granted.  Indeed, she is challenging the trial court's ruling that the interpleader statute did not apply.  Duane therefore forfeited nothing.

For the first time on appeal, Stephanie claims there was no statutory basis for an award of interest on the levied funds.  By failing to raise this contention before the trial court, Stephanie has forfeited it, and we therefore do not consider it.  (*People v. Redd* (2010) 48 Cal.4th 691, 718 [contention not raised in trial court was forfeited].) Accordingly, we find no error in the court's interest award.

## DISPOSITION

The trial court's order is affirmed.  Respondent is awarded his costs on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOTOIKE, J.